UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN RAMIREZ RUIZ,<br>Plaintiff,<br>v.<br>PATRICK COVELLO, et al.,<br>Defendants. | Case No. 22-cv-05777-SK<br><br>**ORDER TO SHOW CAUSE**<br><br>Regarding Docket No. 1 |

Petitioner, a state prisoner currently incarcerated at Mule Creek State Prison in Ione, California, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from Alameda County Superior Court. The petition is properly before the undersigned for initial review because Petitioner has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

Petitioner was convicted by a jury of one count of California Penal Code section 261(a)(2) (forcible rape of child under 14), one count of California Penal Code section 288.5(a) (continuous sexual abuse of child under 14), and one count of California Penal Code section 288.7(b) (oral copulation or sexual penetration with a child 10 years old or younger). Petitioner was sentenced to a total of 44 years to life. On appeal, the Court of Appeals set aside Petitioner's conviction under section 288.7(b) conviction but upheld the other two convictions. *See People v. Ramirez Ruiz*, 56 Cal. App. 5th 809 (2020).

**DISCUSSION**

**A.     Standard of Review.**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id*. § 2243.

**B.     Claims.**

Petitioner seeks federal habeas corpus relief by raising a claim for violation of his Sixth Amendment right to confront and cross-examine witnesses. Liberally construed, the claim appears cognizable under § 2254 and merit an answer from respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.     The clerk shall serve electronically a copy of this Order and the Petition and all attachments thereto upon Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and the attachments and exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.

2.     Respondent shall file with the court and serve on Petitioner, within 60 days of the issuance of this order, an answer responding to the allegations in the petition and showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all documents that are relevant to a determination of the issues presented by the Petition.

3.     If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED**.

Dated: November 10, 2022



SALLIE KIM
United States Magistrate Judge